UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-1190-ODW (SP) | Date | March 2, 2017 |
|---|---|---|---|
| Title | JUAN AGUILAR-CORTEZ v. CYNTHIA ENTZEL, Warden | | |

| Present: The Honorable | Sheri Pym, United States Magistrate Judge | | |
|---|---|---|---|
| Kimberly I. Carter | n/a | n/a |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Petitioner: | | Attorneys Present for Respondent: |
| n/a | | n/a |

**Proceedings:** (In Chambers) Order Directing Petitioner to Show Cause Why Petition Should Not Be Recharacterized as a § 2255 Motion and Dismissed

Petitioner is a federal prisoner at the Federal Correctional Institution II in Victorville, California. On February 14, 2017, petitioner filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition"). Petitioner seeks to challenge the legality of his life sentence imposed by the United States District Court for the Eastern District of California in 1996 following his convictions for conspiracy to distribute methamphetamine (21 U.S.C. §§ 846 and 841(a)(1)), possession with intent to distribute methamphetamine and marijuana (21 U.S.C. § 841(a)(1)), and being a felon in possession of a firearm (18 U.S.C. § 922(g)(1)). Petitioner contests the legality of his detention by arguing that, under the United States Supreme Court's decision in *Descamps v. United States*, __ U.S. __, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013), he no longer qualifies for the enhancement under 21 U.S.C. § 851 that resulted in his life sentence.

Although petitioner indicates otherwise, this is not his first collateral attack on his convictions and sentence. Judgment was entered against petitioner on November 13, 1996 in case number 2:95-CR-00020 in the Eastern District of California. He appeal the judgment, and the Ninth Circuit Court of Appeals affirmed it on September 26, 1997. Petitioner filed his first motion collaterally attacking his convictions and sentence under 28 U.S.C. § 2255 on December 30, 1998, in the Eastern District of California. That motion was denied on January 25, 2001. Petitioner then filed a motion for reconsideration on February 14, 2001, which was construed as a second § 2255 motion and transferred to the Ninth Circuit. On July 16, 2001, the Ninth Circuit denied petitioner authorization to file a second or successive § 2255 motion. Petitioner filed an application to reopen his § 2255 motion on January 6, 2005, which the Eastern District of California

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-1190-ODW (SP) | Date | March 2, 2017 |
|---|---|---|---|
| Title | JUAN AGUILAR-CORTEZ v. CYNTHIA ENTZEL, Warden | | |

construed as a third § 2255 motion and again transferred to the Ninth Circuit. On March 30, 2005, the Ninth Circuit again denied petitioner authorization to file a second or successive § 2255 motion. On December 15, 2006, petition moved to void the judgment under Fed. R. Civ. P. 60(b). The Eastern District of California construed this as a fourth § 2255 motion and, on May 4, 2007, transferred it to the Ninth Circuit. On November 24, 2014, petitioner moved to reduce his sentence under 18 U.S.C. § 3582(c)(2), which motion the Eastern District of California denied on February 11, 2016. Meanwhile, on July 2, 2015, petitioner filed a fifth § 2255 motion in the Eastern District of California, which that court denied on February 16, 2016.

As noted, one year later petitioner filed the instant § 2241 Petition in this court. "Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court." *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000) (per curiam). Indeed, as a general rule, "§ 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention." *Lorentsen v. Hood*, 223 F.3d 950, 953 (9th Cir. 2000). After reviewing the Petition and the record of proceedings in the United States District Court for the Eastern District of California, of which this court takes judicial notice under Fed. R. Evid. 201, it appears the Petition must be recharacterized as a 28 U.S.C. § 2255 motion, and should be dismissed as filed in the wrong jurisdiction, as an improper successive § 2255 motion, and as time-barred.

Accordingly, and pursuant to *United States v. Seesing*, 234 F.3d 456, 464 (9th Cir. 2000), the court hereby advises petitioner of the following:

1. The court is inclined to recommend that the Petition be recharacterized as a § 2255 motion. This would have the following consequences:

    a. Only the sentencing court has jurisdiction over a § 2255 motion. *Hernandez*, 204 F.3d at 864; *Tripati v. Henman*, 843 F.2d 1160, 1163 (9th Cir. 1988). Consequently, this court lacks jurisdiction over a § 2255 motion filed by petitioner, and recharacterizating the Petition as a § 2255 motion would subject the Petition and this action to either dismissal or transfer to the United States District Court for the Eastern District of California, the sentencing court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-1190-ODW (SP) | Date | March 2, 2017 |
|---|---|---|---|
| Title | JUAN AGUILAR-CORTEZ v. CYNTHIA ENTZEL, Warden | | |

       b.      In addition, as a general rule, petitioner must bring all arguments he intends to bring in his initial § 2255 motion, or else risk having later arguments barred as successive.  Since petitioner has previously filed multiple § 2255 motions, recharacterization of the instant Petition would subject both this Petition and any subsequent § 2255 motion to the restrictions on "second or successive" motions.  Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), the opportunity to file successive motions under 28 U.S.C. § 2255 is strictly limited.  *See* 28 U.S.C. §§ 2244(b)(3), 2255(h) (second or successive motions may be certified and permitted only if based on "newly discovered evidence" or "a new rule of constitutional law, made retroactive . . ., that was previously unavailable").  In short, recharacterization of the instant Petition as a § 2255 motion may result in its dismissal as a successive § 2255 motion.

       c.      Also, § 2255 motions are subject to a one-year statute of limitations.  28 U.S.C. § 2255(f).  Because it appears the instant petition was filed after that limitation period expired, recharacterization of the Petition as a § 2255 motion may result in its dismissal as time-barred.

      2.      If petitioner does not wish to have his Petition recharacterized as a § 2255 motion, he may withdraw it in this court.  That would provide him the option of refiling a new petition or § 2255 motion in the Eastern District of California.  But any such petition or motion may also be barred by the one-year statute of limitations, and may also be barred as a second or successive § 2255 motion.

In light of these advisements, the court hereby ORDERS petitioner to Show Cause in writing, on or before **March 30, 2017**, why the Petition should not be recharacterized as a § 2255 motion and dismissed.  In the response, petitioner must elect one of the following three options:

**Option 1:**
If petitioner contends that the Petition is in fact properly filed as a petition under 28 U.S.C. § 2241, he should clearly explain this.  Petitioner may also address whether the Petition is a second or successive § 2255 motion, and whether it is time-barred.  Petitioner should attach to his response copies of any documents that support his position.  (Petitioner may also file a response, and include a notice that, if the court still finds the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-1190-ODW (SP) | Date | March 2, 2017 |
|---|---|---|---|
| Title | JUAN AGUILAR-CORTEZ v. CYNTHIA ENTZEL, Warden | | |

Petition was properly brought under § 2255, he alternatively selects one of the other options discussed below.)

**Option 2:**

If petitioner consents to recharacterization of his Petition as a § 2255 motion, he should clearly state this in a response to this Order to Show Cause. He should also address any other issues raised herein that pertain to the recharacterization, including the arguments that such recharacterization mandates dismissal.

**Option 3:**

If petitioner wishes to withdraw his Petition, he may request a voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a), which must be served and filed on or before March 30, 2017. **A Notice of Dismissal form is attached for petitioner's convenience.** The court again advises petitioner, however, that if petitioner should later attempt to again raise his dismissed claims in subsequent habeas petition or § 2255 motion, those claims may be time-barred, and may be barred as successive.

**The court warns petitioner that failure to timely file and serve a response as directed in this Order may be construed as petitioner's consent recharacterization and dismissal, and may result in a recommendation that this action be dismissed without prejudice for failure to prosecute and/or for failure to obey court orders.**